UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHEVRON INTELLECTUAL PROPERTY, LLC, et al.,

      Plaintiffs,

v.

ON TIME OIL LLC,

      Defendant.

Case No. 2:25-cv-02292-JCM-NJK

**Order**

[Docket No. 26]

Pending before the Court is the parties' stipulation to extend case management deadlines by 90 days. Docket No. 26.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The Court entered the scheduling order in this matter on January 23, 2026. Docket No. 21. The parties now seek to extend case management deadlines by an additional 90 days. Docket No. 26. In the two months since the Court entered the scheduling order, the only discovery completed is Defendant's response to Plaintiffs' interrogatories and requests for production and Defendant's service of its interrogatories to Plaintiffs. *See id.* at 2. Therefore, it appears that the parties have not been diligent. Further, the parties submit that an extension is warranted because the parties are engaged in ongoing settlement discussions and Plaintiffs' lead counsel has a busy schedule; however, neither of these reasons is sufficient to establish good cause for an extension. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179-82 (D. Nev. 2022). Additionally, the parties fail to explain why a 90-day extension is warranted when Plaintiffs' lead counsel will be unavailable for a month and Plaintiffs have four attorneys of record. *See* Docket.

Accordingly, the Court **DENIES without prejudice** the parties' stipulation. Docket No. 26.

IT IS SO ORDERED.

Dated: April 2, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).